UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NICOLE B. THOMPSON,

    Plaintiff

Case No.: 1:15-cv-39

v.

FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING INC.

COMPLAINT

    Defendant

## INTRODUCTION

1. Plaintiff, Nicole B. Thompson, brings this action for damages, against a debt collector, for violation of the Fair Debt Collection Practices Act, 15 USC 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FDCPA). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1337.

3. Venue in this district is proper because the defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Nicole B. Thompson, is an individual who resides in the city of Grand Rapids, Michigan, in the Western District of Michigan.

5. Defendant Five Brothers Mortgage Company Services and Securing Inc. "Five Brothers"

is a Michigan Domestic Profit Corporation, doing business at 12220 E 13 Mile Road Suite 100, Warren, MI  48093.  The registered agent for Five Brothers is Joseph Badalamenti, 12220 E 13 Mile Road  Suite 100, Warren, MI  48093.

6. Five Brothers comes with in the jurisdiction of this court.  Five Brothers unlawfully changed the locks on the plaintiff's house and then disposed of all of the plaintiff's possessions.  Five Brothers  is a "debt collector" as the term is defined and/or used in the FDCPA.

## FACTUAL ALLEGATIONS

7. On or about April 8, 2014 the defendant unlawfully entered the plaintiff's residence and changed the locks on the plaintiff's residence locking her out of the property.

8. Defendant's actions were taken in attempt to enforce a security interest in plaintiff's home for U.S. Bank.

9. Defendants actions in dispossessing plaintiff from her home and personal property were taken without judicial process.

10. Defendants had no present right to possession of the real property or the personal property in plaintiff's home.

11. The plaintiff contacted US Bank and was informed that this was a mistake, the lock should not have been changed on the property.

12. The U.S. Bank put the plaintiff in contact with their contractor the defendant, Five Brothers, and Five Brothers told the plaintiff she would be able to get back into her house and get her property out of the house.

13. On April 10, 2014 the plaintiff received a message from Five Brothers that they would arrange for her to have access to her residence with no time limit to remove her property.

14. The plaintiff found out on Monday April 14, 2014 that Five Brothers had cleared the house and disposed of all of the plaintiff property.

15. The defendant did not have any legal authority to enter the plaintiff's residence and to change the locks on the plaintiff's residence.

16. The defendant did not have any legal authority remove and dispose of the plaintiff property.

17. As a result of defendant's violations of the FDCPA described above, plaintiff has lost all of her possessions that was discarded by the defendant, some of which were priceless and has incurred expenses for legal representation and has lost time and inconvenience.

18. The plaintiff has suffered mental distress for the lost of priceless keepsakes and items that are heirlooms from her deceased mother and grandfather.

## COUNT 1

16. Paragraphs 1 through 15 are re-alleged and incorporated herein through reference.

19. Defendant regularly collects or attempts to collect debts due or asserted to be due to another including the enforcement of security interests. Defendant is a debt collector as defined in 15 U.S.C. §§ 1692a and 1692f(6).

17. The defendant violated the FDCPA by dispossessing plaintiff from her home and her personal property when there was no legal right to possession in violation of 15 U.S.C. § 1692f(6).

## RELIEF

WHEREFORE, Plaintiff requests:

A. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2).

B. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined by

the court.

D.  Costs of this action and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT 2

18. Paragraphs 1 through 17 are re-alleged and incorporated herein through reference.

19. The defendant violated MCL 600.2918 by unlawfully breaking into the plaintiff's residence and changed the locks, locking her out of her home.

20. The defendant unlawfully interfered with the plaintiff's possessory interest .

21. The defendant unlawfully removed and disposed of the plaintiff's personal property.

## RELIEF

WHEREFORE, Plaintiff requests:

A.  Triple damages for the forceful entry and changing of the locks of the plaintiff's residence.

B.  Actual damages, pursuant to MCL 600.2918 (2), in an amount to be determined by the court.

C.  Exemplary Damages for the outrageous actions of the defendant to remove and dispose of an entire house of belongings.

Dated January 14, 2015                                        /s/ Anthony C. Greene
                                                              Anthony C. Greene P49303
                                                              Attorney for plaintiff
                                                              29 Pearl NW, Suite 231
                                                              Grand Rapids, MI 49503
                                                              (616) 222-8000
                                                              Agreene@greenelaw.com