## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

NICOLE B. THOMPSON

                 Plaintiff,

v.

FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING INC.,

                 Defendant.

Case No. 1:15-cv-00039
Honorable Robert J. Jonker

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Five Brothers Mortgage Company Services and Securing Inc. ("Defendant"),

through its counsel, Olson Law Group, for its Answer to Plaintiff's Complaint, states:

### INTRODUCTION

1.      Plaintiff, Nicoles B. Thompson, brings this action for damages, against a debt

collector, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*.

**ANSWER: Defendant denies that it is a debt collector or violated the FDCPA. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

### JURISDICTION AND VENUE

2.      This Court has jurisidiction under 28 U.S.C. §§1331, 1337 15 U.S.C. § 1692k

(FDCPA). The court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1337.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph because they set forth legal conclusions for which no further response is required. To the extent a response is required, Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

3. Venue in this district is proper because the defendant transacts business here and the conduct complained of occurred here.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph because they set forth legal conclusions for which no further response is required. To the extent a response is required, Defendant admits that it does business in this district. Defendant neither admits nor denies the remianing allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

## PARTIES

4. Plaintiff, Nicole B. Thopmson, is an individual who resides in the city of Grand Rapids, Michigan, in the Western District of Michigan.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

5. Defendant Five Brothers Mortgage Company Services and Securing Inc. "Five Brothers" is a Michigan Domestic Profit Corporation, doing business at 12220 E 13 Mile Road Suite 100, Warren, MI 48093.

**ANSWER: Admitted.**

6. Five Brothers comes with in the jurisdiction of this court. Five Brothers unlawfully changed the locks on the plaintiff's house and then disposed of all the plaintiff's possessions. Five Brothers is a "debt collector" as the term is defined and/or used in the FDCPA.

**ANSWER: Denied as untrue.**

## FACTUAL ALLEGATIONS

7. On or about April 8, 2014 the defendant unlawfully entered the plaintiff's residence and changed the locks on the plaintiff's residence locking her out of the property.

**ANSWER: Denied as untrue.**

8.     Defendant's actions were taken in attempt to enforce a security interest in

plaintiff's home for U.S. Bank.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

9.     Defendants actions in dispossessing plaintiff from her home and personal property

were taken without judicial process.

**ANSWER: Denied as untrue.**

10.     Defendants had no present right to possession of the real property or the personal

property in plaintiff's home.

**ANSWER: Denied as untrue.**

11.     The plaintiff contacted US Bank and was informed that this was a mistake, the

lock should not have been changed on the property.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

12.     The U.S. Bank put the plaintiff in contact with their contractor the defendant, Five

Brothers, and Five Brothers told the plaintiff she would be able to get back into her house and

get her property out of the house.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

13.     On April 10, 2014 the plaintiff received a message from Five Brothers that they

would arrange for her to have access to her residence with no time limit to remove her property.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

14.     The plaintiff found out on Monday April 14, 2014 that Five Brothers had cleared the house and disposed of all of the plaintiff's property.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.**

15.     The defendant did not have any legal authority to enter the plaintiff's residence and to change the locks on the plaintiff's residence.

**ANSWER: Denied as untrue.**

16.     The defendant did not have any legal authority to remove and dispose of the plaintiff property.

**ANSWER: Denied as untrue.**

17.     As a result of defendant's violations of the FDCPA described above, plaintiff has lost all of her possessions that was discarded by the defendant, some of which were priceless and has incurred expenses for legal representation and has lost time and inconvenience.

**ANSWER: Denied as untrue.**

18.     The plaintiff has suffered mental distress for the loss of priceless keepsakes and items that are heirlooms from her deceased mother and grandfather.

**ANSWER: Denied as untrue.**

## COUNT 1

19.     [sic 16] Paragraphs 1 through 15 are re-alleged and incorporated herein through reference.

**ANSWER: Defendant incorporates its prior responses as if fully set forth herein.**

20.     [sic 19] Defendant regularly collects or attempts to collect debts due or asserted to be due to another including the enforcement of security interests. Defendant is a debt collector as defined in 15 U.S.C. §§1692a and 1692f(6).

**ANSWER: Denied as untrue.**

21.     [sic 17]  The defendant violated the FDCPA by dispossessing plaintiff from her home and her personal property when there was no legal right to possession in violation of 15 U.S.C. §1692f(6).

**ANSWER: Denied as untrue.**

COUNT 2

22.     [sic 18] Paragraphs 1 through 17 are re-alleged and incorporated herein through reference.

**ANSWER: Defendant incorporates its prior responses as if fully set forth herein.**

23.     [sic 19] The defendant violated MCL 600.2918 by unlawfully breaking into the plaintiff's residence and changed the locks, locking her out of her home.

**ANSWER: Denied as untrue.**

24.     [sic 20] The defendant unlawfully interfered with the plaintiff's possessory interest.

**ANSWER: Denied as untrue.**

25.     [sic 21] The defendant unlawfully removed and disposed of the plaintiff's personal property.

**ANSWER: Denied as untrue.**

WHEREFORE, Defendant, Five Brothers Mortgage Company Services and Securing Inc., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment

in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c)

grant such other and further relief as is just and proper.

Respectfully submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI 48104
T: (734) 222-5179
F: (866) 941-8712
Dated: February 25, 2015                             colson@olsonlawpc.com

## AFFIRMATIVE DEFENSES

1.      Any allegations not specifically admitted in Defendant's Answer are denied.

2.      Defendant is not a "debt collector" as defined in 15 U.S.C. § 1692a(6).

3.      To the extent Defendant's conduct violated the law, such conduct was neither

willful nor malicious.

4.      Plaintiff's claims are barred, in whole or in part, because Defendant's conduct

was privileged and/or permissible under Michigan law.

5.      Plaintiff's claims may be barred, in whole or in part, by consent, waiver, estoppel,

laches and/or unclean hands.

6.      Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's

damages, if any, were caused by Plaintiff's own acts and/or omissions.

7.      Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's

damages, if any, were caused by the acts and/or omissions of persons or entities over which

Defendant has no control or authority.

8.      Plaintiff's claims may be precluded, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's damages, if any.

9.      Plaintiff has not suffered any damages caused by or attributable to Defendant's actions.

10.     Defendant reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

Respectfully submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI 48104
T: (734) 222-5179
F: (866) 941-8712
Dated: February 25, 2015                    colson@olsonlawpc.com

## Certificate of Service

I, Charity A. Olson, hereby state that on February 24, 2015, I electronically filed Defendant's Answer and Affirmative Defenses with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP