UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLE B. THOMPSON,

      Plaintiff,

v.

CASE No. 1:15-CV-39

HON. ROBERT J. JONKER

FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING INC.,

      Defendant.

_____/

## **OPINION AND ORDER**

Plaintiff Nichole Thompson defaulted on a mortgage of her home located in Grand Rapids, Michigan. The mortgagee, U.S. Bank, pursued a non-judicial foreclosure and purchased the property at a July 24, 2013, sheriff's sale. After the redemption period expired, U.S. Bank engaged Defendant Five Brothers Mortgage Company to secure the property. U.S. Bank neither sought nor obtained a judicial order for possession.

Defendant subsequently entered the property, removed and disposed various items located inside, and changed the locks on the house. Plaintiff initiated this civil action on January 15, 2015, alleging the Defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* and Michigan's Anti-Lockout Act, MICH. COMP. LAWS § 600.2918.

The Court has asked the parties to address whether any question of material fact remains in the case following a new decision of the Supreme Court that invalidated, or at least undermined, the Sixth Circuit authority upon which the Court had relied to move the case to trial. The Court

now concludes there is no outstanding issue of fact remaining and that Defendant is entitled to judgment as a matter of law.

**FACTUAL BACKGROUND**

Plaintiff Thompson took out a mortgage on her home located at 1101 Noble St SE Grand Rapids, Michigan. Plaintiff subsequently defaulted on her mortgage and the mortgagee, U.S. Bank, initiated a non-judicial foreclosure. A sheriff's sale was held on July 24, 2013 where U.S. Bank purchased the home for $17,250.00. This left a deficiency of approximately $52,435.19 because the full amount Plaintiff was stated to have been in default was $69,685.19. (ECF Nos. 45-1; 45-2).[1]

After purchasing the home, U.S. Bank hired Defendant to "coordinate securing and property preservation services of the Property." (Sutton Decl. ¶ 6, ECF No. 66-1, PageID.314). Defendant conducted an exterior inspection on August 10, 2013. (*Id.* at ¶ 9). The statutory redemption period after the sheriff's sale then expired on January 24, 2014. (*Id.* at ¶ 10). After the redemption period expired, Defendant attempted to contact Plaintiff, and affixed a "Hello Letter" to the entrance of the property in January 2014 and again in February 2014. (*Id.* at ¶¶ 11-15). After the second attempt, Defendant determined the property was vacant. (*Id.* at ¶ 15).

Thereafter, on February 21, 2014, U.S. Bank directed Defendant to secure the home. This entailed affixing lock boxes and padlocks to the exterior doors. Defendant also performed what it says was routine property maintenance, and that included "monthly inspections, winterization, removal of debris and hazards, and removal of wet carpet from the basement." (*Id.* at ¶¶ 16-17). Then on April 7, 2014, a subcontractor for Defendant removed what Defendant calls debris and

---

[1] If a mortgagee bids a lower amount of the debt, it may pursue a deficiency judgment against the debtor, subject to the limitations in the anti-deficiency statute, MICH. COMP. LAWS § 600.3280. It is unclear on this record whether the bank has done so here.

what Plaintiff calls personal property. (ECF 40-1, PageID.178). All this was done without any State Court order of eviction or order adjudicating possessory rights to the home, but after the redemption period had expired.

On approximately April 8, 2014, Plaintiff discovered she was unable to enter the home and called U.S. Bank. The Complaint asserts U.S. Bank put Plaintiff in contact with Defendant so that she could get back into the house, (Compl. ¶¶ 11-12, ECF No. 1, PageID.2), and told Plaintiff they would arrange for her to access the property. (*Id.* at ¶ 13). Plaintiff was able to access her house on Monday April 14, 2014. On that date she discovered that Defendant had disposed of all her personal property. (*Id.* at ¶ 14).

## PROCEDURAL HISTORY

Plaintiff sued Defendant on January 14, 2015, asserting a violation of the FDCPA, 15 U.S.C. § 1692f(6), and a violation of Michigan's Anti-Lockout Act, MICH. COMP. LAWS §600.2918. The case proceeded without any motion practice.

On May 20, 2016, the Court adjourned the final pretrial conference and trial settlement conference because the requisite pretrial materials had not been timely filed. (ECF No. 30.) Before issuing a new schedule, the Court ordered the parties to submit supplemental briefing that addressed "(1) the legal and factual issues of the FDCPA claim in Count 1 of the Complaint; and (2) whether the Court should, or should not, exercise supplemental jurisdiction over the state law claim in Count 2 of the Complaint." (ECF No. 39, PageID.169). The parties submitted briefs. Plaintiff primarily rested her argument as to Defendant's alleged FDCPA liability on the Sixth Circuit's decision in *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013). The Court agreed. Even though the alleged wrongdoing occurred after a foreclosure and after the redemption period, "a theoretical risk of deficiency judgment remained, and there was no judicial order settling

3

possession. Under these circumstances, defendant could fall within the statutory definition of debt collector based on the Circuit's decision in *Glazer*." (ECF No. 46, PageID.227). The Court then issued a new final pretrial conference and trial schedule. (*Id.*).

Before the final pretrial conference was held, however, the Supreme Court issued its decision abrogating *Glazer* in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (Mar. 20, 2019). The Court subsequently ordered further briefing on "whether any question of material fact remains after [the decision] as to whether Defendant qualifies as a debt collector under the FDCPA." (ECF No. 62, PageID.263). The Court's order satisfied Rule 56(f)'s notice requirement for judgment independent of a motion. *See* FED. R. CIV. P. 56(f); *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 829 (6th Cir. 2013) (noting that there is adequate notice if the losing party had knowledge that it "had to muster the necessary facts to withstand summary judgment[.]") Plaintiff has filed a brief (ECF No. 64) and Defendant (represented by new counsel) has also filed a brief. (ECF No. 66). The matter is ready for decision.

## DISCUSSION

### 1. Plaintiff's FDCPA Claim

In Count 1, Plaintiff states that Defendant "violated the FDCPA by dispossessing plaintiff from her home and her personal property when there was no legal right to possession[.]" (Compl. ¶ 17 [sic], ECF No. 1, PageID.3). Plaintiff specifically alleges Defendant violated Section 1692(f)(6) of the FDCPA. That section provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*\*\*

4

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>
>> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>> (B) there is no present intention to take possession of the property; or
>> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

### A. Defendant is Not A FDCPA Debt Collector

The term "debt collector" is defined by statute. *See* 15 U.S.C. § 1692a(6). It consists of three parts: a general definition applicable to the entirety of the FDCPA, a more limited definition applicable solely to Section 1692f(6), and a list of exclusions. After *Obduskey*, only the second part, the limited-purpose definition for Section 1692(f)(6), is potentially applicable here. That portion provides that:

> For the purpose of section 1692f(6) of this title. [the term "debt collector"] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). Defendant argues that it does not qualify as a debt collector under this definition, meaning its conduct did not violate Section 1692f(6). The Court agrees.

"The issue of whether entities engaged in property protection related to foreclosures . . . are debt collectors within the meaning of the FDCPA or entities whose conduct violates the FDCPA has divided district courts." *Alqaq v. CitiMorgage, Inc.*, No. 13 C 5130, 2014 WL 1689685, at *3 (N.D. Ill. Apr. 29, 2014) (collecting cases). In *Alqaq*, one of the defendants allegedly broke into the plaintiff's house and winterized the property while also stealing personal possessions including vacuum cleaners, clothes, and photographs. *Id.* at *2. Later, another

5

defendant broke into the house to further winterize the property and then changed the locks to the house. *Id.* Both of these actions occurred after a foreclosure sale, but before the purchaser had obtained possession. The plaintiff brought suit, alleging the defendants had violated Section 1692f(6). The district court, reviewing a defense Rule 12(b)(6) motion, concluded that the "the alleged conduct" of the defendants "was incidental to debt collection and was not dispossession or disablement of property to enforce a security interest within the purview of § 1692f(6)(A)." *Id.* at *4. The court granted the motions to dismiss accordingly.

In the first round of briefing, Plaintiff responded that *Alqaq* and the cases it cites either were not bound by the *Glazer* decision or did not have occasion to consider it. *Glazer*, Plaintiff pointed out, held that "mortgage foreclosure is debt collection under the" FDCPA. *Glazer*, 704 F.3d at 464. *Glazer*, as noted, has since been abrogated by the Supreme Court. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (Mar. 20, 2019). Since both Plaintiff and this Court relied on *Glazer* to send the case to trial, *Glazer's* abrogation by the Supreme Court naturally begs the question of whether there is any FDCPA claim left for trial. The Court concludes there is not.

First, the Supreme Court made clear in *Obduskey* that mortgage foreclosure is not debt collection under the general-purpose definition of the FDCPA. That holding alone does not answer the question because Plaintiff is now relying on the limited-purpose definition of a debt collector in the FDCPA. But the conclusion helps shape this Court's construction of what is and is not covered by the limited-purpose definition especially where Plaintiff relied on the abrogated decision in his initial brief. Foreclosing a mortgage is the exercise of a contractual right to recover collateral, which is separate from, and independent of, collection of any underlying debt. Indeed, even after the underlying debt is discharged in bankruptcy, a mortgagee retains the right to proceed through foreclosure to recovery of the collateral itself. *See, e.g.*, *Johnson v. Home State Bank*, 501

6

U.S. 78, 82-83 (1991). By the time Defendant Five Brothers entered the property, the mortgagee had already recovered the property by exercising its foreclosure rights, buying the property at a sheriff's sale, and allowing Plaintiff's full redemption period to run. In short, by the time Five Brothers entered the property, the security interest had already been enforced by the mortgagee, and so Five Brothers itself could no longer have been doing anything to enforce it. It could not, therefore, fall within the limited-purpose definition of a debt collector under the FDCPA.[2]

Second, the Court also views the interstate commerce element of the limited-purpose definition to be lacking in this case. Defendant, an on-the-ground contractor based in Michigan allegedly entered into a home located in Michigan, removed property and changed the locks, all in Michigan. No mailing was involved; nor was any other instrumentality of interstate commerce. Only by stretching the term out of existence does this conduct involve an instrumentality of interstate commerce. This conclusion bolsters the Court's determination that the Defendant does not qualify as a debt collector under the limited-purpose definition.

Third, courts have concluded that conduct such as that alleged here is best characterized as "routine post-foreclosure behavior that is not plausibly related to any debt collection practices." *See Maze v. Wells Fargo Bank, N.A.* No. 3:16cv-00641-JHM, 2017 WL 956596, at *3 (W.D. Ky. Mar. 10, 2017) (concluding the plaintiff's complaint did not plausibly allege that property preservation company was a debt collector or its conduct amounted to debt collection under Section 1692a(6)'s general-purpose definition) (citation omitted). In this case the Defendant entered the property, changed locks and removed personal property (or debris) only after the mortgagee had fully enforced its security interest through foreclosure, sheriff's sale, and the

---

[2] The mortgagee itself, which is not named as a defendant in the case, could perhaps still be a general-purpose debt collector if and when it chooses to pursue a deficiency judgment. But that does not involve Defendant Five Brothers either.

running of the redemption period. Defendant's conduct was all post-foreclosure action that was not causally linked to any enforcement of a security interest or collection of a debt.

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff primarily points to other district court decisions that have denied motions to dismiss under facts similar to those alleged here. For example, in *Flippin v. Aurora Bank*, the plaintiff alleged that while a judicial foreclosure proceeding was pending, the defendant (without an order awarding it possession) entered onto her property, changed the locks, and took her personal property. *Flippin v. Aurora Bank, FSB*, No. 12 C 1996, 2012 WL 3260449 (N.D. Ill. Aug. 8, 2012). The defendant brought a motion to dismiss, arguing that it did not qualify as a debt collector under the limited-purpose definition. The court denied the motion and found the plaintiff had adequately pled the property preservation company was a debt collector under the limited-purpose definition in Section 1692a(6). *Id.* at *2. *Flippin* is not binding on this Court. Moreover, it was decided before the *Obduskey* decision, and it merely dealt with whether a case had been adequately pled, not whether it survived Rule 56 review. Furthermore, *Flippin* dealt with a factually distinct situation. In *Flippin*, the plaintiff alleged the property entry occurred while a judicial foreclosure action was still underway, meaning it was logically plausible that the entry was to assist in enforcement of the security interest. In this case, the foreclosure was complete, a sheriff's sale had taken place, and the redemption period had fully run.

Based on its review of the record when viewed in the light most favorable to the Plaintiff, the Court concludes that Defendant is not a debt collector under either the general or the limited-purpose definition of Section 1692(a)(6). Defendant is entitled to judgment as a matter of law on the FDCPA claim.

### B. There is No Substantive FDCPA Violation in Any Event

Even if Defendant Five Brothers qualified as a limited-purpose debt collector, there would be no FDCPA violation here under Section 1692f(6). This section does not categorically prohibit all non-judicial action to take possession of property subject to a security interest. It prohibits such action in only three situations:

> **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> **(B)** there is no present intention to take possession of the property; or
>
> **(C)** the property is exempt by law from such dispossession or disablement.

15 U.S.C. 1692f(6)(A)-(C). The second and third situations do not apply because there was an intention to take possession, and the property was not exempt.

This leaves only the first situation, but this too does not apply in this case. The property at issue was undeniably subject to a mortgage. The mortgage was in default and foreclosed, as allowed by its terms and Michigan law. The sheriff's sale was complete and the redemption period had run. Even assuming for purposes of argument that Plaintiff had not abandoned the property, the mortgagee and successful purchaser at the sheriff's sale had a right to possession under the terms of the mortgage and applicable law as long as entry would be achieved without breach of the peace, as happened here. *See Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 713, 848 N.W.2d 482, 485 (2014) ("If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished.") (citation omitted); *cf. People v. March*, 499 Mich. 389, 411-415, 886 N.W. 2d. 396, 415-422 (2015) (distinguishing non-possessory rights of a sheriff's sale purchaser during the redemption period from the absolute title of such purchaser after the redemption period runs). *See also* MICH. COMP. LAWS § 600.5711(2).

Accordingly, by the time Defendant Five Brothers entered the property, it was doing so as the contractor of the party entitled to possession as a matter of law, even if a court had not yet been called upon to enter an order so stating. Under Michigan law, a summary possession proceeding is one method of enforcing a right to possession, but it does not preclude other lawful methods, including some self-help. *See* MICH. COMP. LAWS § 600.5750. *Cf. Day v. Lacchia*, 175 Mich. App. 363, 372-73, 437 N.W.2d 400, 403-04 (1989) (making same point in land contract case).

Plaintiff's theory would read the FDCPA to prohibit all non-judicial entries in the absence of a court order settling possession. But that reading makes no sense. The whole subject of the section is non-judicial action, some of which is prohibited and some of which is not. If Congress meant to require a judicial order of possession as a condition of entry, it would have said so. It did not. Rather, it defined the line of permission in terms of "right to possession," not a judicial declaration of the right.[3]

### 2. Plaintiff's State Law Claim

Plaintiff also brings one state-law claim against Defendant. In Count 2, Plaintiff claims that Defendant's actions violated Michigan's Anti-Lockout Act, MICH. COMP. LAWS §600.2918 which provides up to treble damages for the forcible ejectment or unlawful interreference with a possessory interest. Plaintiff has not pled an independent, federal basis for the state-law claim, and it does not appear that one exists.[4] The Court has jurisdiction over Plaintiff's state-law claim

---

[3] Of course, a state is free to put additional limits on the ability of a mortgagee or sheriff's sale purchaser to enter property. This is the subject of Plaintiff's state law claim. But even if a state does this, it does not change the "right of possession," which is the key to the FDCPA provision; it simply changes the particular mechanism for enforcing the right under state law.

[4] The complaint alleges that Plaintiff resides in Michigan and that Defendant is a Michigan Domestic Profit Corporation, doing business in Michigan and with a registered agent in Michigan. Thus, to the extent diversity of citizenship might be a basis for retaining jurisdiction, the Court finds that it is lacking here.

only by virtue of the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over pendant state-law claims if it "has dismissed all claims over which it has original jurisdiction." That being the case here, the Court elects to dismiss Plaintiff's state-law claim in Count 2.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1. Summary Judgment is **GRANTED** in favor of Defendant under FED. R. CIV. P. 56(f).

2. Count 1 of the Complaint, asserting a violation of Section 1692f(6) is **DISMISSED.**

3. Count 2 of the Complaint, asserting a violation of state law, is **DIMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c)(3).


Dated:   May 9, 2019                /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                       CHIEF UNITED STATES DISTRICT JUDGE